IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DARIA PIETEK,**<br>        **Plaintiff,**<br><br>    v.<br><br>**DON ROSEN IMPORTS,**<br>        **Defendant.** | **CIVIL ACTION NO. 12-2188** |

**Baylson, J.**                                                                                                       **March 13, 2013**

## MEMORANDUM AND ORDER

Defendant Don Rosen Imports moves to dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6). (ECF 6). For the reasons below, the motion is GRANTED without prejudice and with leave to amend. Plaintiff shall have 21 days to file a new complaint.

### I.   Background

Daria Pietek, proceeding *in forma pauperis*, filed a "Complaint for Employment Discrimination" form in this Court on April 30, 2012, naming Don Rosen Imports, her former employer, as the defendant. (ECF 3). She used a standard form provided by the United States District Court for the Eastern District of Pennsylvania and checked boxes to indicate that her claim arose under Title VII of the Civil Rights Act of 1964, concerned the "termination of employment," and involved discrimination on the basis of "gender/sex" and "pregnancy." (ECF 3, at 1-3). In the portion of the form where it says, "The facts of my case are as follows (attach additional sheets of paper as necessary)," Plaintiff left the section blank. Alongside the Complaint, Plaintiff attached a 71-page Exhibit which included a personally written, although

unsigned and undated, five-page description of events during her employment at Don Rosen. (ECF 3, Attachment).[1]

On July 3, 2012, Defendant filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), arguing Plaintiff failed to state a claim upon which relief can be granted because she "failed to state any facts in the space provided or to attach any additional documents to her Complaint." (ECF 6, at 2). The Court issued an Order on August 10, 2012, directing Plaintiff to respond within 14 days. (ECF 8). Plaintiff was given additional time to respond in a subsequent Order, issued September 12, 2012. (ECF 9). On October 4, 2012, the case was put in civil suspense due to Plaintiff's inability to obtain counsel. (ECF 10). On December 19, 2012, counsel for Pietek, a member of the Court's volunteer employment lawyers' panel, entered an appearance. On December 23, 2012, Plaintiff filed a Response to the Motion to Dismiss, contending her Complaint and the attached 71-page Exhibit offered sufficient allegations of discrimination to establish a plausible claim under Title VII. (ECF 12, at 7). In the alternative, Plaintiff argued that should the Court find the Complaint insufficient, she should be given leave to amend. (Id.).

The Court held a Rule 16 conference on March 12, 2013.

## II.   Standard of Review

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual allegations that "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A complaint will satisfy this threshold test for facial plausibility if "the plaintiff pleads factual content that allows the court to draw the

---

[1] The other documents included in the Exhibit were: a letter from Don Rosen's counsel to the EEOC, dated May 2, 2011, denying Plaintiff's charge that she was subjected to discrimination on the basis of pregnancy or sex (id. at 17-27); emails and records from Don Rosen's showing the sales of various employees (id. at 33-39 and 51-71); and what appears to be Plaintiff's response to Don Rosen's letter to the EEOC (id. at 40-50).

reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. While all factual allegations must be accepted as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), this requirement does not apply to legal conclusions, which may be disregarded, Iqbal, 556 U.S. at 678.

When presented with a motion to dismiss under Rule 12(b)(6), a district court should conduct a two part analysis.  First, it should separate the factual and legal elements of a claim and accept all of the well-pleaded facts as true. Second, it should determine whether the factual allegations are sufficient to show that the plaintiff has a "plausible claim for relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).

In Title VII cases, both the Supreme Court and the Third Circuit have held that a plaintiff does not need make out a full "prima facie" case of discrimination in a complaint, in order to state a plausible claim to relief. In Swierkiewicz v. Sorema N. A., the Supreme Court concluded:

> "The prima facie case under McDonnell Douglas [] is an evidentiary standard, not a pleading requirement. . . . This Court has never indicated that the requirements for establishing a prima facie case under McDonnell Douglas also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss. . . . [F]ederal Rule of Civil Procedure 8(a)(2) [] provides that a complaint must include only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Such a statement must simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'

534 U.S. 506, 511-12 (2002) (citations omitted).  Although this decision pre-dated Twombly and Iqbal, the Third Circuit has continued to follow its guidance in Title VII cases decided thereafter. Accordingly, a "plausible" Title VII claim can be alleged without presenting a full prima facie case of discrimination. See Fowler, 578 F.3d at 213 ("Even post-Twombly, it has been noted that a plaintiff is not required to establish the elements of a prima facie case but instead, need only put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of

the necessary element.'"); see also Williams v. Temple Univ. Hosp., 400 Fed. App'x 650, 652-53 (3d Cir. 2010).

### III.    Conclusion

Plaintiff's filing of April 30, 2012, containing a "Complaint for Employment Discrimination" form with the explanation field left blank and a 71-page Exhibit does not conform to the pleading standards discussed above. Accordingly, Defendant's Motion to Dismiss (ECF 6) is GRANTED without prejudice.  Plaintiff is given leave to file an amended complaint that complies with Fed. R. Civ. P. 8. The complaint should contain "a short and plains statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought." Fed. R. Civ. P. 8(a). Additionally, it should present sufficient factual averments to show Plaintiff's claim to relief is plausible. Iqbal, 556 U.S. at 678.  Plaintiff shall have 21 days to make this filing.


BY THE COURT:

/s/ Michael M. Baylson

**Michael M. Baylson, U.S.D.J.**


O:\CIVIL 12\12-2188 PIETEK V. DON ROSEN IMPORTS\ORDER AND MEMORANDUM 3-13-13.DOCX